**Ronald DEL RAINE, Plaintiff—Appellant,**

v.

**FEMME, SIA; et al., Defendants—Appellees.**

No. 08–55689.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 11, 2009.*

Filed Aug. 17, 2009.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald Del Raine, Florence, CO, pro se.

Robert I. Lester, Assistant U.S., United States Attorneys Office, Los Angeles, CA, for Defendants–Appellees.

Before: KLEINFELD, M. SMITH, and IKUTA, Circuit Judges.

MEMORANDUM **

Ronald Del Raine, a federal prisoner, appeals pro se from the district court's judgment dismissing his action alleging that a number of officials in various federal prisons violated his civil rights and committed common-law torts. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir.2004) (lack of personal jurisdiction), *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir.2003) (exhaustion of administrative remedies), *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir.1994) (per curiam) (failure to state a claim), *Kennedy v. S. Cal. Edison, Co.*, 268 F.3d 763, 767 (9th Cir.2001) (dismissal with leave to amend). We may affirm on any basis supported by the record, *Vestar Dev. II, LLC v. Gen. Dynamics Corp.*, 249 F.3d 958, 960 (9th Cir.2001), and we affirm in part and dismiss in part.

■ The district court properly dismissed the claims against defendants Feeney (incorrectly sued as Femme), Fanello and Romine, prison officials in Pennsylvania, because it lacked personal jurisdiction over these non-resident defendants. *See Yahoo! Inc. v. La Ligue Contre Le Racisme*, 433 F.3d 1199, 1205 (9th Cir.2006) (requiring a non-resident to have "substantial, continuous, and systematic" contacts in a forum for a court to exercise general jurisdiction, and "purposefully direct his activities" or transactions within the forum for a court to exercise specific jurisdiction).

■ The district court properly dismissed Del Raine's claim challenging his placement in administrative segregation at the federal penitentiary in Lompoc because Del Raine failed to exhaust all levels of the administrative appeals process. *See* 42 U.S.C. § 1997e(a) (requiring inmates to exhaust all available administrative remedies).

■ We affirm the district court's dismissal of Del Raine's vague allegations that his files had been ransacked on the basis that they are insufficient to state a constitutional claim. *See Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir.1982) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss.").

■ We dismiss as moot Del Raine's appeal seeking injunctive relief in connection with the allegedly unconstitutionally small cells at the Lompoc penitentiary because Del Raine has since been transferred to another prison. *See Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir.1991) (per curiam) (providing that a prisoner's claims for injunctive relief relating to prison conditions are rendered moot by his transfer to another facility).

■ Del Raine has abandoned his challenge to the district court's dismissal of his Federal Tort Claims Act claims. *See Cook*

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*v. Schriro,* 538 F.3d 1000, 1014 n. 5 (9th Cir.2008) (noting that issues not raised on appeal are deemed abandoned).

**AFFIRMED in part and DISMISSED in part.**